United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff | )<br>)<br>) |
| v. | ) Criminal Case No. 22-20162-CR-Scola<br>) |
| Carlos Reynaldo Almonte Almonte,<br>Defendant. | )<br>) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Carlos Reynaldo Almonte Almonte's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 74.) Mr. Almonte seeks a sentence reduction based upon the sentencing guidelines "adjustment for certain Zero-point offenders." (*Id.*) The Government responded, asserting that because Mr. Almonte's appeal is pending, the Court lacks jurisdiction to consider the motion. (ECF No. 77.) After reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Almonte's motion for a reduction of sentence. (**ECF No. 74**.)

### 1. Background

Mr. Almonte pleaded guilty to possession with intent to distribute five (5) kilograms or more of cocaine while on board a vessel. (ECF No. 34.) The Court sentenced him to 72 months of imprisonment and two years of supervised release. (ECF No. 67.) Mr. Almonte filed a notice of appeal on February 17, 2023, appealing the final judgment. (ECF No. 71.) The appeal is still pending.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Mr. Almonte's appeal is pending before the Eleventh Circuit. Accordingly, the Court is without jurisdiction to modify Mr. Almonte's sentence. *See United States v. Munne*, No. 22-20182-CR, 2023 WL 8449522, at *2 (S.D. Fla. Dec. 6, 2023). As the Eleventh Circuit has unequivocally explained, "the filing of an appeal of virtually any sort acts to freeze all proceedings in the district court pending resolution of the appeal." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). Accordingly, Mr. Almonte's motion is **denied**. (**ECF No. 74**.)

Although the Defendant may refile the motion upon conclusion of the appeal, it does not appear that he would be entitled to relief. His original guidelines range was Level 31, Criminal history category I, and an advisory guidelines range of 108 to 135. The Court varied below the guidelines range and sentenced the Defendant to 72 months. Even if the Defendant qualifies as a zero-point offender, his new guidelines range would be level 29, Criminal history category I,

and an advisory guidelines range of 87 to 108 months. Because his original sentence is lower than the bottom of the new guidelines range, he is not entitled to relief. *See* U.S.S.G. § 1B1.10(b)(2)(A) (providing that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]")

**Done and ordered** at Miami, Florida on March 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge